IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH PONDER, and<br>MICHAEL PONDER,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 22-CV-513-TCK-JFJ<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Before the Court is the United States' (Government) motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. 26). Plaintiffs Deborah and Michael Ponder (Plaintiffs) have filed a response to the Government's motion, (Doc. 30), and the Government filed a reply. (Doc. 31).

**I.  FACTS**

This case arises from the treatment plaintiff Deborah Ponder received at Creek National Community Hospital on November 5, 2019. (Docs. 10-3 at ¶ 14; 26-2 at 3). Deborah Ponder and her husband, Michael Ponder, (Plaintiffs) filed a petition in the District Court of Tulsa County, Oklahoma on November 3, 2021, alleging state-law claims of negligent medical treatment, negligent supervision and retention, negligent credentialing, and loss of consortium, against Creek Nation Community Hospital, Regional Brain Institute, PLLC, James Vernon Rooks, MD, Peter Eckhardt, PA-C, and Kimberly Gage, MD (Defendants). (Doc. 10-2). That same day, Plaintiffs mailed copies of Form 95 for both Deborah and Michael Ponder to the U.S. Department of Health and Human Services (HHS), and the forms were received by HHS on November 5, 2021. (Docs. 26-2, 26-3). On October 18, 2022, Plaintiffs filed their first amended petition (Amended Petition),

making claims against the same Defendants named in the original petition and adding the Government as a defendant. (Doc. 10-3). The Government was served with the Amended Petition on November 2, 2022, and on November 21, 2023, the Government removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1). (Docs. 2, 26-5 at 6). The Government then moved to substitute itself as the party in place of two Defendants, namely, Creek Nation Community Hospital and Peter Eckhardt PA-C, which the Court granted on December 16, 2022. (Docs. 9, 25).

The Government now moves to dismiss the petition under Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction to hear the claims brought against it because Plaintiffs failed to exhaust their administrative remedies prior to filing suit. (Doc. 26). Plaintiffs counter that dismissal is not warranted because they had not brought the suit to federal court before exhausting their administrative remedies—at least with respect to their negligent medical treatment and loss of consortium claims against the Government.[1] (Doc. 30).

## II.  RULE 12(b)(1) STANDARD

Fed. R. Civ. P. 12(b)(1) permits the Court to dismiss a complaint for lack of subject- matter jurisdiction. Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the

---

[1] The Court notes that Plaintiffs' response offers to stipulate to the withdrawal of their negligent supervision/retention and negligent credentialing claims against the Government, but not against the Regional Brain Institute. (Doc. 30 at 11). Notably, as the Government points out, those two claims were not included in the Form 95 that Plaintiffs submitted to the Government in November 2021. (Doc. 26 at 5-7). It is well established that a plaintiff's written notice to the government must "sufficiently describe[e] the injury" in order to satisfy the exhaustion requirement for damages claims against the government. *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (citation and quotations omitted). Thus, Plaintiffs' attempted stipulation appears to be an implicit admission that they had not satisfied exhaustion requirement with respect to their negligent credentialing and negligent supervision/retention claims. The Government, however, does not agree to the stipulated withdrawal of those claims, and instead, requests that those claims be dismissed. (Doc. 31 at 1-2).

2

actual facts upon which subject matter jurisdiction is based. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). In a factual attack, as here, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends, and the court may not presume the truthfulness of the pleading's factual allegations. *Inst. for Just. v. Laster*, 432 F. Supp. 3d 1350, 1354 (W.D. Okla. 2020). Although the parties in this case do not dispute the jurisdictional facts presented in the Government's motion, courts have "wide discretion" to consider documents outside of the pleadings without converting the Rule 12(b)(1) motion to dismiss into a Rule 56 motion for summary judgment. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

### III. ANALYSIS

After substitution of the government as a party defendant, a civil suit for damages against a federal employee is deemed to be brought under the Federal Tort Claims Act (FTCA), and thus, subject to applicable FTCA limitations and exceptions. 28 U.S.C. § 2679. One such limitation under § 2675(a) "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). "This exhaustion requirement is 'jurisdictional and cannot be waived.'" *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991)). "[T]o meet the threshold requirement of administrative exhaustion, plaintiffs must either (1) have their administrative claims finally denied by the relevant federal agency; or (2) if the agency fails to act on their administrative claims withing six months of presentment, they may thereafter deem the claims (constructively) denied." *Barnes*, 776 F.3d at 1139. "[A]s a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'"

*Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (quoting *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993)). Importantly, "[c]ourts must dismiss these claims 'without regard to concern for judicial efficiency.'" *Gonzagowski v. United States*, 495 F. Supp. 3d 1048, 1098 (D.N.M. 2020).

Plaintiffs first argue that the pre-filing exhaustion requirement extends only to filing suit in federal court, citing *McNeil*, 508 U.S. at 113, in which the Supreme Court held that the FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." (Doc. 30 at 4-5). In essence, Plaintiffs suggest that the pre-filing exhaustion requirement did not apply in this case because they had not filed suit in *federal* court before exhausting their administrative remedies. (*Id.*) The Court, however, is not persuaded by Plaintiffs' reading of *McNeil*. The issue presented in *McNeil* was "whether [an FTCA] action may be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation." 508 U.S. at 108. Notably, in answering this question, the Supreme Court observed that "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before *invocation of the judicial process*." *Id.* at 112 (emphasis added). Moreover, the plain language of 28 U.S.C. § 2675(a) makes no distinction for FTCA cases originating in state court, and courts have found that the pre-filing exhaustion requirement applies no less to FTCA actions originating in state court than it does to actions originating in federal court. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("This [exhaustion] requirement extends to all suits, including those begun in state court."); *Meeker v. United States*, 435 F.2d 1219, 1222 (8th Cir. 1970) (holding that exhaustion requirement could not be circumvented by filing suit against government employee in state court); *De Masi v. Schumer*, 608 F. Supp. 2d 516, 524–25

(S.D.N.Y. 2009) ("This [exhaustion] requirement applies to all suits, including those that were originally brought in state court.").

Plaintiffs next argue that, under the FTCA, a tort claim against an individual federal employee is not deemed a claim against the United States—and, thus, not subject to the exhaustion requirement—until after certification that the federal employee was acting in the scope of employment (commonly referred to as a Westfall certification). ((Doc. 30 at 6-9) (citing *Grancio v. De Vecchio*, 572 F. Supp. 2d 299, 311 (E.D.N.Y. 2008)). Because they waited to amend their petition and assert claims against the government until they exhausted their administrative remedies, Plaintiffs contend that their lawsuit should not be deemed "instituted" for purposes of exhaustion before the Westfall certification. (Doc. 30 at 6-9).

The Court finds that this argument is also flawed. As a preliminary matter, courts in this Circuit have held that "the FTCA's exhaustion requirement applies to cases in which the United States is substituted after the action has commenced." *Perry v. United States*, 101 F. Supp. 2d 1354, 1356 (D. Kan. 2000). Plaintiffs attempt to distinguish the present case from *Perry* by underscoring the fact that the *Perry* plaintiffs sought to be excused from the FTCA's exhaustion requirements entirely, thereby suggesting that *Perry*'s holding is not applicable to this case because the Plaintiffs had exhausted their administrative remedies after the initial pleadings but before the Westfall certification. (Doc. 30 at 6). Yet, the FTCA governs claims against government employees acting in the scope of their employment, even when plaintiffs do not name the United States in their pleadings, *Pretlow v. Garrison*, 420 F. App'x 798, 802 (10th Cir. 2011), and thus, those claims remain subject to FTCA requirements. *See also Gabriel v. United States*, 683 F. App'x 671, 672 (10th Cir. 2017) ("When a claim is unexhausted prior to suit under the [FTCA], the claimant cannot cure the jurisdictional defect while the suit is pending."); *Duplan*, 188 F.3d at

1199 ("premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit"). Furthermore, Plaintiffs' reliance on *Grancio*, is also misplaced because, as another court observed, *Grancio* does not even accurately state the law of its own circuit. *G.T. by Reyes v. Castillo*, 2022 WL 17832539, at *7 (S.D.N.Y. Dec. 21, 2022). And though Plaintiffs maintain that, as a general matter, this interpretation of the Westfall Act may cause unwitting FTCA litigants to be barred by a shorter federal statute of limitations, fortunately for Plaintiffs, that does not appear to be an issue in this case.[2] (Doc. 30 at 8-9).

Lastly, Plaintiffs argue, given that Plaintiffs have now exhausted their administrative remedies, dismissal at this point would elevate "form over function." (*Id.* at 11). While the Court is not unsympathetic to the exacting procedural hurdles Plaintiffs must clear in order to pursue their FTCA claims, "bringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir.1989). Consequently, Plaintiffs' argument on this score is of no avail. However, a dismissal for failure to exhaust administrative remedies is without prejudice. *Gabriel*, 683 Fed. App'x. at 674. Thus, although no doubt inconvenienced by dismissal, Plaintiffs do not lose their remedy for their claims against the Government, subject to 28 U.S.C. § 2679(d)(5).

Because Plaintiffs instituted suit upon a claim against the United States for money damages without having exhausted their administrative remedies before filing suit, their claims against the

---

[2] The issue raised by Plaintiff occurs when the federal statute of limitations is shorter than the state statute, and a plaintiff—unaware that his or her claim falls under the FTCA—brings suit within the state statute of limitations but outside of the federal statute. *See Celestine*, 403 F.3d at 84. As Plaintiffs state in their response, "out of an abundance of caution, due diligence, and courtesy to the government, Plaintiffs timely filed their state court action *and* timely filed their Form 95s to put the government on notice." (Doc. 30 at 8).

Government must be dismissed without prejudice. Accordingly, the Government's motion to dismiss pursuant to Rule 12(b)(1) (Doc. 26) is **GRANTED**.

Additionally, while the claims against the United States have been dismissed, Plaintiffs' claims against the Defendants not subject to the Government's Westfall certification remain. "Once the federal party is eliminated, it is proper to remand the case to state court when the merits have not yet been addressed if judicial economy will not be sacrificed by the remand." *Allender v. Scott*, 379 F. Supp. 2d 1206, 1220 (D.N.M. 2005) (citing *Dist. of Columbia v. Merit Systems Protection Bd.*, 762 F.2d 129, 133 (1985)). This case has been pending in this Court for less than six months and a scheduling order has not yet even been entered. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining claims, and the remainder of the case will be remanded to state court.

## V. CONCLUSION

In accordance with the foregoing, the Government's motion to dismiss (Doc. 26) is **GRANTED**, and the remainder of Plaintiffs' claims are remanded to the District Court of Tulsa County, Oklahoma.

**IT IS SO ORDERED this 11th day of May, 2023.**

TERENCE C. KERN
United States District Judge